**Ronald NYE**

v.

**TOWN OF WESTERLY et al.**

**No. 94–765–M.P.**

Supreme Court of Rhode Island.

Dec. 15, 1995.

Patrick McKinney, Wakefield.

Kelly Fracassa, Westerly, Kenneth Borden, Providence.

### ORDER

This case came before the Supreme Court for oral argument on December 7, 1995, pursuant to an order that directed the parties to show cause why the issues raised in this petition for certiorari should not be summarily decided. The Town of Westerly (Westerly), Donna L. Giordano, Acting Town Manager (Giordano) and the Town Council of Westerly (Council), defendants in the case, seek certiorari to review an order of the Superior Court that granted a motion to compel production of a psychological evaluation and a tape recording. The motion was brought by the plaintiff Ronald Nye, a sergeant in the Westerly Police Department, who challenges the promotion to the position of lieutenant of J. David Smith (Smith), also a sergeant in the department. The plaintiff himself was a candidate for the promotion and challenged the elevation of Smith, who

was appointed by Giordano on the basis of his test score.

In the course of his litigation that alleged that Smith's promotion violated the town charter, plaintiff sought to introduce the evaluation and the recording as evidence against Smith. In seeking the discovery of these items, plaintiff has in essence invoked the Superior Court as the vehicle for reviewing the appointment of police officers in Westerly. The Superior Court may not substitute its judgment for that of the appointing authority in the absence of a finding of bad faith, corruption or manifest abuse of discretion. *See Gilbane Building Company v. Board of Trustees of State Colleges et al.*, 107 R.I. 295, 300, 267 A.2d 396, 399 (1970).

We are of the opinion that the items sought through discovery in this instance are not relevant evidence nor are they "reasonably calculated to lead to the discovery of admissible evidence." Superior Court Rules of Civil Procedure, Rule 26(b)(1). In addition, such a process undermines sound public policy.

Therefore we grant the defendants' petition for certiorari and vacate the order of the Superior Court to which we return the papers in the case.